**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
<u>Plaintiff-Appellee,</u>

v.                                                                                   No. 98-4757

JAMES IRVING JOPLIN,
<u>Defendant-Appellant.</u>

Appeal from the United States District Court
for the Southern District of West Virginia, at Huntington.
Robert C. Chambers, District Judge.
(CR-98-47)

Submitted: April 15, 1999

Decided: April 26, 1999

Before NIEMEYER and HAMILTON, Circuit Judges, and
PHILLIPS, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

J. C. Powell, POWELL LAW OFFICES, Charleston, West Virginia,
for Appellant. Rebecca A. Betts, United States Attorney, Ray M.
Shepard, Assistant United States Attorney, Huntington, West Vir-
ginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

James Irving Joplin pled guilty to distribution of crack cocaine. His plea agreement provided as follows:

> nothing contained in any statement or testimony provided by Mr. Joplin pursuant to this agreement, or any evidence developed therefrom, will be used against him, directly or indirectly . . . in determining the applicable guideline range under the Federal Sentencing Guidelines . . . . Nothing contained in this agreement restricts the use of information obtained by the United States from an independent, legitimate source, separate and apart from any information and testimony provided pursuant to the agreement, in determining the applicable guideline range . . . .

(J.A. 40).

On appeal, Joplin challenges the inclusion of an amount of crack cocaine in his relevant conduct that was derived from the testimony of Thomas Hill at Joplin's sentencing hearing. Hill testified before the grand jury prior to Joplin's plea bargain and stated that Joplin received "five to six ounces" of crack cocaine from the leader of the relevant conspiracy. Joplin's presentence investigation report did not include this amount of crack cocaine, and the United States objected.

At Joplin's sentencing, Hill testified, repeating his estimate of five to six ounces of crack cocaine attributable to Joplin. Providing support for this estimate, Hill gave specific details concerning drug transactions with Joplin, including location, frequency, amount of drugs per transaction, and the procedures for packaging and payment. The district court found Hill's testimony to be credible and included a total of forty-five additional grams of crack cocaine in the calculation

2

of Joplin's offense level.* Joplin contends that the inclusion of this amount violated his plea agreement, because the details of the dealings were not elicited until after Joplin was given immunity and were, thus, "fruit of the poisonous tree." We disagree.

The Government was aware of Hill's grand jury testimony prior to Joplin's plea agreement. Nothing in the plea agreement barred the Government from further developing the details of that testimony. Further, Joplin has offered no evidence, beyond the timeline of events, tending to prove that his cooperation led to Hill's more detailed testimony. Accordingly, we affirm Joplin's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

_____

*There are approximately 28.35 grams in an ounce.

3